UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEVELL MOORE,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No.: 3:26-cv-00281-MMD-CLB

ORDER

*Pro se* Petitioner Devell Moore filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Motion. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court defers ruling on the Motion for Counsel and instructs Moore to show cause as to why the Petition should not be dismissed with prejudice as second or successive.

## I.    BACKGROUND[1]

Moore challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). *See State of Nevada v. Devell Moore*, 08C250540. On February 3, 2010, the State Court entered a judgment of conviction, following a jury trial, convicting Moore of three counts of sexual assault of a child under the age of 14 and one count of lewdness with a child under the age of 14. Moore was

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, accessible here and here.

sentenced to life with the possibility of parole after 35 years for each of the sexual assault convictions to run consecutively and life with the possibility of parole after 10 years for the lewdness conviction. Moore appealed, and the Nevada Supreme Court affirmed on June 8, 2011. *See Devell Moore v. State of Nevada*, No. 55527. Remittitur issued on July 5, 2011.

Moore filed a state habeas petition on March 7, 2012. The state court denied the petition on June 8, 2012. Moore appealed, and the Nevada Supreme Court affirmed on May 14, 2013. *See Devell Moore v. State of Nevada*, No. 61343.

Moore filed a federal habeas petition before the Court on July 23, 2013 in Case No. 3:13-cv-00390-LRH-WGC. The Court conducted a merits review of the petition and denied it on March 28, 2019. Judgment was entered. Moore appealed, and the Court of Appeals for the Ninth Circuit declined to grant Moore a Certificate of Appealability on September 27, 2019. Moore filed a petition for writ of certiorari, and the United States Supreme Court denied Moore's petition on March 2, 2020.

Moore filed a second state habeas petition on May 26, 2022. *See Devell Moore v. State of Nevada*, A-22-853188-W. The state court denied the petition on February 12, 2024. Moore appealed, and the Nevada Court of Appeals affirmed on August 8, 2024. *See Devell Moore v. State of Nevada*, No. 88250-COA.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2244(b)(2). However, importantly, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Because (1) Moore's Petition challenges the same judgment of conviction that was challenged in Case No. 3:13-cv-00390-LRH-WGC, and (2) the petition filed in Case No. 3:13-cv-00390-LRH-WGC was decided on the merits, Moore's Petition appears to be second or successive. It does not appear that Moore has sought or received permission from the Court of Appeals for the Ninth Circuit to file his instant Petition. (*See* ECF No. 1-1 at 2.) As such, Moore must show cause why this action should not be dismissed.

Notably, the Court has discretionary authority to transfer Moore's Petition to the Court of Appeals for the Ninth Circuit for consideration as an Application for Leave to File a Second-or-Successive Petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."). If Moore desires that the Court exercise this discretionary authority, he may state so in his response to this Order.

**III.    CONCLUSION**

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that Moore show cause on or before May 29, 2026 as to why his Petition should not be dismissed as second or successive.

DATED THIS 22nd Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4